SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DANA J. DUNWOODY, Cal. Bar No. 119696
ddunwoody@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California  92130-2006
Telephone:    858.720.8900
Facsimile:    858.509.3691

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
Including Professional Corporations
BRIAN R. BLACKMAN, Cal. Bar No. 196996
bblackman@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947

Attorneys for Defendant
NORDSTROM, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT CAPP, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NORDSTROM, INC., a Washington Corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>[28 U.S.C. § 1332(d)(2)] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Nordstrom, Inc. ("Nordstrom") hereby removes the lawsuit filed on March 4, 2013 in the Placer County Superior Court, entitled *Robert Capp v. Nordstrom, Inc.*, Case No. S-CV-0032626, to the United States District Court for the Eastern District of California on the following grounds:

### I.   JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1453. In particular, this Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because it is a civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) minimal diversity exists between plaintiffs and defendant, i.e., any member of the class of plaintiffs is a citizen of a State different from the defendant. 28 U.S.C. §§ 1332(d)(2) and (d)(4). Paragraphs 2 through 16 below provide a detailed factual basis for this removal. Nordstrom has also satisfied all procedural requirements of 28 U.S.C. § 1446 and thus removes this action to the United States District Court for the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

### II.   INTRADISTRICT ASSIGNMENT

2. Pursuant to Civil L.R. 120(d), this case should be assigned to the Sacramento Division of this Court because the civil action on which this removal is based arose in the County of Placer, State of California.

### III.   STATEMENT OF THE CASE AND TIMELINESS OF REMOVAL

3. On March 4, 2013, plaintiff Robert Capp ("Plaintiff") filed a Complaint against Nordstrom in the Placer County Superior Court (the "State Court Action"). The State Court Action alleges Nordstrom requested and recorded Plaintiff's personal identification information, in the form of his email address, in conjunction with a credit card transaction in violation of Section 1747.08 of the Song-Beverly Credit Card Act of 1971 (the "Act"). *See* Ex. 2 (Complaint), ¶¶3,

32-36, attached. Plaintiff purports to represent "a statewide class consisting of all persons in California from whom Defendant requested and recorded personal identification information as part of a credit card purchase transaction." *See* Ex. 2, ¶24.

4. Although not expressly stated in his class definition, the class period implicated by Plaintiff's claim for violation of the Act is one year – from March 4, 2012 forward. *See*, Ex. 2, ¶13; *see also TJX Companies, Inc. v. Superior Court*, 163 Cal. App. 4th 80, 84-87 (2008) (one-year statute of limitations for Section 1747.08 claim).

5. Plaintiff seeks, on behalf of himself and each purported class member, civil penalties of up to $1,000 per violation, injunctive relief, *cy pres* recovery, and attorneys' fees and costs. *See,* Ex. 2, ¶36 and Prayer ¶¶1, 2, 4, 5, 6.

6. This removal notice is timely filed in accordance with 28 U.S.C. § 1446(b). Plaintiff filed the Complaint on March 4, 2013 and served Nordstrom on March 6, 2013. *See*, Ex. 1 attached.

### IV. SUBJECT MATTER JURISDICTION

7. A civil action filed in State court is removable if the district courts of the United States would have original jurisdiction. 28 U.S.C. § 1441(a). For cases involving class allegations, CAFA confers original jurisdiction on a district court where (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the amount in controversy exceeds $5,000,000 (exclusive of interest and costs), and (3) any member of the class is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2). The present action satisfies all of these requirements.

**A. Plaintiff's Case Is Styled As A Class Action.**

8. This lawsuit qualifies as a class action, as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* Plaintiff styles his complaint as a "Class Action," and alleges that he brings the lawsuit on behalf of an ascertainable class. *See,* Ex. 2, ¶¶8 and 24-30.

**B.     The Proposed Class Does Not Have Less Than 100 Members.**

9.      Without conceding liability, the appropriateness of class treatment or the validity of Plaintiff's claim for relief, based on preliminary analysis it appears that the putative class in this case will exceed 100,000 people.  *See*, Declaration of Jeff Moseley ("Moseley Decl."), ¶5.  Indeed, Plaintiff alleges that the purported class would encompass any consumer from whom Nordstrom requested and recorded personal identification information as part of a credit card purchase transaction in California during the preceding year.  *See,* Ex. 2, ¶¶8 and 24-30.  Thus, this action satisfies the requirement of 28 U.S.C. § 1332(d)(5) that the putative class not have less than 100 persons.

**C.     The Amount In Controversy Exceeds $5 Million.**

10.     CAFA provides removal jurisdiction where, among other things, the amount in controversy in a matter exceeds the sum or value of $5,000,000, exclusive of interests and costs.  *Abergo Abergo v. Dow Chemical Co.,* 443 F.3d 676, 683 (9th Cir. 2006); *Deehan v. Amerigas Partners, L.P.*, Case No. 08 CV 1009, 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008) ("The issue is the amount Plaintiff has placed in controversy, not the amount that Defendant will actually be held liable for.")

11.     The assessment of whether the amount-in-controversy requirement is satisfied "is not confined to the face of the complaint."  *Valdez v. Allstate Insurance Company*, 372 F.3d 1115, 1117 (9th Cir. 2004).  The appropriate measure of the jurisdictional amount in controversy is "the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint."  *Jackson v. American Bankers Insurance Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997), citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).  It is not determined by "the low end of an open-ended claim," but by "a reasonable reading of the value of the rights being litigated."  *Angus v. Shiley, Inc.*, 989 F.3d 142, 146 (3d Cir. 1993); *see also Hart v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1997).

12. The present matter satisfies the amount in controversy requirement because the aggregate amount in controversy for the alleged class exceeds the $5 million threshold for diversity jurisdiction under CAFA:

- The statewide class is defined as "all persons in California from whom Defendant requested and recorded personal identification information as part of a credit card [purchase] transaction." Ex. 2, ¶¶8, 24.
- There is a one-year statute of limitations period for a violation of the Act. Cal. Civ. Proc. Code § 340(a); *TJX Companies, supra,* 163 Cal. App. 4th at 84-87.
- Plaintiff seeks penalties of up to $1,000 per transaction. Ex. 2, ¶¶29, 36; Prayer, ¶1.
- On a daily basis, many customers in California make credit card purchases that implicate Plaintiff's claim. Indeed, without conceding liability, the appropriateness of class treatment or the validity of Plaintiff's claim for relief, based on preliminary analysis the number of customers during the class period who used credit cards at a California Nordstrom and provided email information was more than 100,000. *See*, Moseley Decl., ¶5. Thus, without conceding liability, the appropriateness of class treatment or the validity of Plaintiff's claim for relief, the amount of statutory penalties alone alleged by Plaintiff satisfies the "in controversy" element of CAFA. *See Korn v. Polo Ralph Lauren Corp.*, 535 F. Supp. 2d 1199, 1206 (E.D. Cal. 2008) (in actions alleging violations of Section 1747.08, "in order to demonstrate that the amount *in controversy* meets CAFA's jurisdictional requirements, defendant need only demonstrate that there are at least 5,001 putative class claims.") (italics in original).

13. Plaintiff also seeks to recover injunctive relief, *cy pres* recovery, and attorneys' fees and costs. *See,* Ex. 2, Prayer ¶¶¶¶2, 4, 5, 6. Given these requests for relief and Plaintiff's allegations, the amount in controversy exceeds the $5 million threshold for federal jurisdiction under CAFA. *See, Lowdermillk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 ("We have held that attorney's fees were properly included in the amount in controversy in a class action.");

*Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008 at *3, 5 & n.4 (C.D. Cal. July 11, 2005) (under CAFA, amount in controversy includes defendant's potential cost of compliance with injunctive relief and fee awards).

**D.  There Is Diversity Of Citizenship.**

14.  This action is between citizens of different States.  Plaintiff alleges that he is a resident of Placer County, California (Ex. 2, ¶¶5, 7) and he purports to represent a class of persons located in California (Ex. 2, ¶8).  As of the time of filing this Notice of Removal, Nordstrom is informed and believes that Plaintiff is a citizen of the State of California.  Further, as of the time of filing of this action, Nordstrom was and remains a Washington corporation with its principal place of business in the State of Washington.  *See*, Ex. 1, ¶ 9; Moseley Decl., ¶2.  Thus, "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...."); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (finding it sufficient for diversity removal to state in the notice of removal that the plaintiff was a citizen of California where the complaint alleged the individual to reside in California).

**V.  EXCEPTIONS TO REMOVAL DO NOT APPLY AND PROCEDURAL REQUISITES ARE SATISFIED.**

15.  The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply.

16.  Nordstrom has complied with 28 U.S.C. §§ 1446(a) and (d).  A true copy of all of the process, pleadings or orders served on Nordstrom in the State Court Action are attached as Exhibits 1 through 4.  A notice of filing of removal, with a copy of this notice of removal attached to it, will be promptly filed with the clerk of the Superior Court of the State of California, County of Placer, Case No. SCV 0032626, and Nordstrom will promptly serve a notice of filing of removal, with a copy of the notice of removal attached to it, on Plaintiff's attorney.

**VI.  CONCLUSION**

By this notice and attachments, Nordstrom does not waive any objections it may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action.

1  Nordstrom intends no admission of fact, law or liability by this notice, and reserves all defenses
2  and motions.  Nordstrom prays that this action be removed to this Court; that all further
3  proceedings in the state court suit be stayed; and the Nordstrom obtain all additional relief to
4  which it is entitled.
5  Dated:  April 4, 2013

6                                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8                        By            /s/ Brian R. Blackman
                                        DANA DUNWOODY
9                                       BRIAN R. BLACKMAN
                                           Attorneys for
10                                    Defendant NORDSTROM, INC.