UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAPP, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORDSTROM, INC. a Washington Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:13-cv-00660-MCE-AC<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT'S MOTION TO DISMISS SHOULD NOT BE DENIED AS NOT PROPERLY BEFORE THE COURT** |

Presently before the Court is Defendant Nordstrom's ("Defendant") motion to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) Review of Defendant's motion reveals that Defendant essentially seeks an advisory opinion that a federal statute preempts a California statute—a California statute that Defendant contends does not apply. Specifically, Defendant states in its motion:

///
///
///
///

1

> This motion addresses the preemptive effect of CAN-SPAM[, 15 U.S.C. § 7704, et seq.,] on Song Beverly email marketing claims and does not address at this time the question of whether an email address indeed constitutes personal identification information under [California Civil Code] Section 1747.08. Nordstrom denies that an email address constitutes personal identification information. . . . This issue is to be determined another day.

(Mot. Dismiss Pl.'s Compl. 4 n.2, ECF No. 6.)

Preemption of a state law by federal statute turns on interpretation of the Supremacy Clause of the U.S. Constitution. Thus, under the Ashwander doctrine of constitutional avoidance, federal courts should avoid reaching a preemption issue if they can resolve the case on statutory grounds. See Norfolk S. Ry. Co. v. City of Alexandria, 608 F.3d 150, 161 (4th Cir. 2010) ("[W]ere we to pass on the [defendants'] bases for preemption, we could offer nothing more than an advisory opinion on potentially difficult questions of federalism and constitutional law. . . . The Ashwander doctrine of constitutional avoidance—which applies with equal force to preemption claims—cautions against any such endeavor.").

Moreover, Federal Rule of Civil Procedure 12(g) discourages piecemeal dismissal motions: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under . . . rule [12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Although Rule 12(g) does not expressly apply to this circumstance,[1] its purpose is directly implicated:

> In considering the operation of Rule 12(g), it is advisable to keep in mind that Rule 12 was drafted by the Advisory Committee to prevent the dilatory motion practice fostered by common law procedure and many of the codes under which numerous pretrial motions could be made, many of them in sequence—a course of conduct that was pursued often for the sole purpose of delay. . . .

---

[1] Federal Rule of Civil Procedure 12(h) permits defendants to raise a subsequent "failure to state a claim" defense "by a motion under Rule 12(c)."

2

> Simply stated, the objective of the consolidation rule is to eliminate unnecessary delay at the pleading stage. Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. <u>The defendant cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion, but must present them simultaneously</u>.

5C Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 1384 "History and Purpose of Rule 12(g)" (3d ed. 1998 & Supp. 2013) (emphasis added) (footnotes omitted).

  Since addressing Defendant's preemption argument <u>before</u> its statutory argument could result in an improper advisory opinion—if Defendant is correct that California's Song–Beverly Act does not apply—the Court will not address Defendant's preemption argument at this time.  Further, since Rule 12(g) discourages piecemeal pretrial motions, <u>id.</u>, the Court will not allow Defendant to litigate this threshold statutory issue "another day"—as it proposes—and seek a ruling on the preemption issue separately.

## CONCLUSION

  For the reasons stated above, Defendant is HEREBY ORDERED to appear before United States Chief District Judge Morrison C. England, Jr., in Courtroom 7, 14th floor, in the United States Courthouse, 501 I Street, Sacramento, California, on **Thursday, July 11, 2013, at 2:00 p.m**., and that Defendant SHOW CAUSE WHY ITS MOTION TO DISMISS SHOULD NOT BE DENIED as not properly before the Court.

  Alternatively, in the interest of "just, speedy, and inexpensive determination" of the issues in this case, Fed. R. Civ. P. 1, Defendant may provide a supplemental brief, to be filed and served not less than twenty-eight (28) days before the above hearing date, addressing the following issue: whether Plaintiff states a claim under California's Song–Beverly Credit Card Act, Cal. Civ. Code § 1747.08.[2]

---

[2] If Defendant elects to file this supplemental brief, it need not appear to show cause why its

1  Plaintiff may file and serve an opposition brief not less than fourteen (14) days before the
2  above hearing date. Defendant may file and serve a reply not less than seven (7) days
3  before the above hearing date.  Argument may be heard on this issue, and the issues
4  raised in Defendant's motion to dismiss, on Thursday, July 11, 2013, at 2:00 p.m.
5      IT IS SO ORDERED.
6  DATED:  May 13, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

motion to dismiss should not be denied as not properly before the Court.