**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT CAPP, on behalf of himself and all others similarly situated, | ) Case No. 2:13-CV-00660-MCE-AC |
| | ) |
| Plaintiff, | ) **STIPULATED PROTECTIVE ORDER** |
| | ) |
| vs. | ) |
| | ) |
| NORDSTROM, INC., a Washington corporation; and DOES 1 through 50, inclusive, | ) |
| | ) |
| Defendants. | ) |

STIPULATED PROTECTIVE ORDER
DWT 23527310v4 0099614-000001

Plaintiff Robert Capp ("Plaintiff") and Defendant Nordstrom, Inc. ("Nordstrom"), through their respective counsel of record in the above-captioned action, hereby stipulate to entry of this Stipulated Protective Order (the "Order").

## I.    GOOD CAUSE STATEMENT

The parties acknowledge that disclosures and discovery in this litigation will include production of confidential, proprietary, trade secret, or otherwise private information for which special protection from public dissemination or disclosure (and from use for any purpose other than prosecuting and defending this matter) is warranted.  Thus, this Order is required to prevent or limit disclosure of such information and documents that may be exchanged or produced in this case.  The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as "**CONFIDENTIAL**."

In the course of this litigation, there may be documents produced and/or testimony given which reveal confidential business information belonging to Nordstrom and personal information about Plaintiff or putative class members.  For example, information about Nordstrom's strategic business initiatives, business policies and procedures, training practices, and customer data and demographics information may be relevant to this litigation, but would be damaging if competitors or other third parties had full access and knowledge of such information.  The terms of this stipulated protective order ensure the confidentiality of important and proprietary business and personal individual information while placing a minimal burden on the flow of discovery.  The parties thus believe that there is good cause supporting such an order.  Furthermore, the parties believe that the need for protection should be addressed by a court order, as opposed to a private agreement among the parties, due to the fact that, among other reasons, the putative class consists of individuals who are not currently parties, but may be in the future, and thus cannot be restrained by private agreement between the current parties to this action.

## II.    DEFINITIONS

Except as otherwise expressly defined in this Order, the following definitions shall apply:

1

**2.01    Discovery Material**.  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery, or other requests for documentation in this matter.

**2.02    "CONFIDENTIAL" Information or Items**.  Information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under the standards developed under either FRCP 26(c) or the definition of "trade secret" identified in California Civil Code § 3426.1.  Among other things, the parties anticipate that information designated as Confidential Information will include corporate policies and procedures, training materials, strategic business initiatives or tactics, sensitive financial information about the parties, documents related to high-level executive meetings, proprietary technical information, and employee or customer information.

**2.03    Receiving Party**.  A party that receives Discovery Material from a Producing Party in this case.

**2.04    Producing Party**.  A party that produces Discovery Material in this case.

**2.05    Designating Party**.  A Party that designates information or items that it produces in disclosures or in responses to discovery or otherwise.

**2.06    Protected Material**.  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.07    Expert**.  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.  An expert for purposes of this Order shall not include anyone who is a past or current employee of a party or a competitor of a party.

**2.08    Outside Counsel**.  Attorneys who are not employees of a party, but who are retained to represent a party in this action.

**2.09    In-House Counsel**.  Attorneys who are employees of a party.

STIPULATED PROTECTIVE ORDER
DWT 23527310v4 0099614-000001

**III.    SCOPE**

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted from such material, as well as all copies, excerpts, summaries, or compilations, plus testimony, conversations, or presentations by parties or counsel to or in this litigation that might reveal Protected Material.  Nothing in the Order shall be construed as requiring disclosure of documents, information, or any other materials that are privileged in nature, or subject to the attorney-client privilege or the attorney work-product doctrine, and/or documents, information, or other materials that are, or may be claimed to be, otherwise beyond the scope of permissible discovery.

**IV.    DURATION**

This order shall apply from the time it is entered, and shall remain in effect until a court order directs otherwise.

**V.    DESIGNATING PROTECTED MATERIAL**

**5.1    <u>Exercise of Care in Designating Material for Protection</u>**.  Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2    <u>Manner and Timing of Designations</u>**.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced:

(a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

"**CONFIDENTIAL**" at the top or bottom of each page that contains Protected Material.

(b)    For testimony given in deposition or in other pre-trial or trial proceedings, that the Designating Party within seven days of the deposition, hearing, or other proceeding, shall designate and specify any portions of the testimony that qualify as Confidential. When it is impractical to identify separately each portion of testimony that is entitled to protection, the Designating Party may later identify within a reasonable period the specific portions of the testimony as to which protection is sought. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "**CONFIDENTIAL**" as instructed by the Designating Party.

(c)    For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "**CONFIDENTIAL**." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

**5.3**    **Inadvertent Failure to Designate or Disclosure**. An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Additionally, the parties recognize the possibility of inadvertent production of materials to which a party may make a claim of privilege or of protection from discovery as trial preparation material. The inadvertent production of such material shall not operate as a waiver of that privilege or protection and shall not operate as any subject matter waiver of that privilege or protection. The Receiving Party, on timely notification of the inadvertent

production, must make reasonable efforts to assure that the material is returned to the Producing Party or treated in accordance with the provisions of this agreement.

     **5.4**    **Challenging Other Party's Designation**.  A party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge or constitute an admission that such designation was proper.  If a party contends that any material is not entitled to "CONFIDENTIAL" treatment, within thirty calendar days of learning the facts giving rise to the objection such party shall request a conference of counsel.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.  If an agreement cannot be reached during the conference of counsel, the party challenging the "CONFIDENTIAL" designation may request an order from the Court regarding the confidentiality of the material.  The material shall be treated as designated (i.e., "CONFIDENTIAL") until a decision has been reached by the Court.

## VI.   ACCESS TO AND USE OF PROTECTED MATERIAL

     **6.1**    **Basic Principles**.  A Receiving Party may only use Protected Material that is disclosed or produced by another party in connection with this case for prosecuting and defending this litigation.  Such Protected Material may be disclosed only to the Court and to the categories of persons described in this Order who are permitted access to such Protected Material.  No other persons shall be provided with the Protected Material.  Counsel for a Receiving Party which provides Protected Material to a permitted person specified below shall maintain a copy of the signed "Agreement to Be Bound by Protective Order" (Exhibit A).

     **6.2**    **"CONFIDENTIAL" Information May Be Disclosed Only to the Following Persons:**

Protected Material designated as "CONFIDENTIAL" may be disclosed only to the following persons:

     (a)    The Court and its personnel;

     (b)    The author of the document or the original source of the information;

1       (c)    The Receiving Party's Outside Counsel of record in this action, as well as

2   employees of Outside Counsel to whom it is reasonably necessary to disclose the

3   information for this litigation;

4       (d)    The parties, including any officers, directors, and employees (including In-

5   House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

6   litigation.

7       (e)    Court reporters, their staff, and professional vendors to whom disclosure is

8   reasonably necessary for this litigation;

9       (f)    Experts (as defined in this Order) of the Receiving Party to whom disclosure

10  is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound

11  by Protective Order" (Exhibit A);

12      (g)    During their depositions, witnesses in the action to whom disclosure is

13  reasonably necessary and who have signed the "Agreement to Be Bound by Protective

14  Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that

15  reveal Protected Material must be separately bound by the court reporter and may not be

16  disclosed to anyone except as permitted under this Stipulated Protective Order.

17  **6.3**    **Provision of Confidential Information to Prospective Witnesses/Experts**

18  Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a party

19  that seeks to disclose to a prospective witness any "CONFIDENTIAL" Information or Items must

20  comply with the procedures of this paragraph.

21      (a) The party first must make a written request to the Designating Party that (1)

22  identifies the specific "CONFIDENTIAL" Information or Items that the Receiving Party

23  seeks permission to disclose to the prospective witness, and (2) sets forth the full name of

24  the prospective witness or party and the address of his or her primary residence.

25      (b) A party that makes a request and provides the information specified in paragraph

26  6.3(a) above must wait seven calendar days after complying with paragraph 6.3(a) and then

27  may disclose the subject Protected Material to the identified prospective witness unless,

28  within six calendar days of receipt of the request, the party receives a written objection from

STIPULATED PROTECTIVE ORDER
DWT 23527310v4 0099614-000001

the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) If the party that receives a timely written objection from the Designating Party does not agree with the Designating Party's position, it shall request a conference of counsel.  If an agreement cannot be reached during the conference of counsel, the party seeking to disclose "CONFIDENTIAL" Information or Items to a prospective witness may request an order from the Court allowing disclosure to the prospective witness.

**6.4**     **Duty to Maintain "Protected Material" Securely**.  Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.  Nothing in this Order shall be deemed to restrict in any way any Producing Party with respect to the use of its own Protected Material.

**6.5**     **Presentation Of Protected Material To Court**.  For any documents, pleadings, applications, or motions submitted to the Court by any party, in connection with any proceeding other than a discovery motion, that attach, quote from, or refer to the substance of documents or materials containing or consisting of "CONFIDENTIAL" Information or Items, the submitting party shall request the Court to seal such document(s) in accordance with Local Rule 141(b) unless the Designating Party has disclosed the Protected Material in a previous public filing with the Court.

**VII.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must notify the Designating Party in writing within a reasonable time period and in no event more than five court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this

Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.

## VIII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound By Protective Order" that is attached as Exhibit A to this Order.  The Designating Party reserves all rights against the Receiving Party for its violations.  In the event any party or person violates or threatens to violate any term of this Order, any party may seek immediate injunctive relief against any such party or person violating or threatening to violate any term of this Order.

## IX.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty calendar days after the final termination of this litigation (including any appeals or court review), each Receiving Party, upon written request by opposing counsel, must return all Protected Material to the Producing Party.  As used in this subdivision, all Protected Material includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  With express permission in writing from the Producing Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification under penalty of perjury to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty calendar day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing

8

any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain one archival copy of all pleadings, exhibits used in the litigation, motion papers, transcripts, legal memoranda, correspondence, or attorney work-product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.

## X.  MISCELLANEOUS

**11.1    Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Each party expressly acknowledges that such modifications may become necessary.

**11.2    Enforcement**.  Each party and person bound by this Order, including all those who have executed Exhibit A, agrees that the United States District Court for the Eastern District of California has jurisdiction to enforce the terms of this Order, and that such jurisdiction continues beyond the date this matter is concluded.  The Court shall retain jurisdiction over all parties and persons who have received Protected Material for the purpose of enforcing the provisions of the Order after the action is otherwise terminated, making such rulings and entering such orders as may be necessary to compel compliance and impose sanctions as the Court shall determine.  Should a dispute materialize concerning whether a person was improperly provided Protected Material, the party in possession of Exhibit A for that person shall provide it to the complaining party upon five court days' written notice.

**11.3    Right to Assert Other Objections**.  By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  The parties specifically agree that they shall not use this Order to support a waiver argument in any discovery motion, or to argue that any party waived its objections to produce any particular documents or information.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: September 25, 2014          LINDSAY LAW CORPORATION

By:   /s/ James M. Lindsay
                                        James M. Lindsay

Attorney for Plaintiff
ROBERT CAPP


Dated: September 25, 2014          DAVIS WRIGHT TREMAINE LLP

By:   /s/ James D. Nguyen
                                        James D. Nguyen

Attorneys for Defendant
NORDSTROM, INC.

10

**ORDER**

Upon good cause shown, the Court orders that all documents and testimony designated CONFIDENTIAL are to be protected under the terms of this Protective Order.

Dated: September 26, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER
DWT 23527310v4 0099614-000001

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____ have read in its entirety and understand the Stipulated Protective Order ("Order") in the litigation of *Capp. v. Nordstrom, Inc.*, United States District Court for the Eastern District of California Case Number 2:13-cv-00660-MCE-AC. I agree to comply with and to be bound by all the terms of this Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order. I fully understand that if I violate any provision of the Order, I will be subject to sanctions by the Court, in addition to any other remedies that a party may have. If I am not a party to this dispute, I agree that the Court may enforce this agreement at any time, including following the conclusion of this matter, and that an action may be brought in the United States District Court for the Eastern District of California to enforce the terms of this Order, and I submit to the jurisdiction of this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Dated**: _____          **Signature**: _____

Full Name: _____

Address: _____

_____

Phone Number: _____

STIPULATED PROTECTIVE ORDER
DWT 23527310v4 0099614-000001