James M. Lindsay, State Bar No. 164758
LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630
Telephone: (916) 294-7573
Facsimile: (916) 294-7583

Attorney for Plaintiff and the Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAPP, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>NORDSTROM, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO.: 2:13-CV-00660-MCE-AC<br><br>**CLASS ACTION**<br><br>**PLAINTIFF ROBERT CAPP'S RESPONSE TO DEFENDANT NORDSTROM, INC.'S STATEMENT OF UNDISPUTED FACTS**<br><br>Date:    December 4, 2014<br>Time:   2:00 p.m.<br>Dept:   Courtroom 7<br>Judge:  Honorable Morrison C. England<br><br>*Complaint Filed: March 4, 2013* |

Plaintiff Robert Capp (hereinafter referred to as the "Plaintiff"), on behalf of himself and all others similarly situated, hereby submits the following Response to Defendant Nordstrom, Inc.'s Statement of Undisputed Facts.

## STATEMENT OF UNDISPUTED FACTS

### BASIS #1 FOR SUMMARY JUDGMENT:

No Reasonable Customer Could Think that Providing an Email Address was Required to Complete Plaintiff's Transaction.

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| 1. On December 21, 2012, Plaintiff went to a Nordstrom store in Roseville, California and purchased two items as Christmas gifts for his wife. | Capp Dep. at 20:16-17, 22:25-23:9, 33:2-5 (attached as Exhibit L to Jampol Decl.) | Undisputed | |
| 2. In his Complaint, Plaintiff alleges that he selected products, a sales person scanned the products with a "portable device," and then informed Plaintiff of the amount due for the items. The portable device on which Plaintiff's transaction was processed was a mobile point of sale (MPOS) device. | Complaint ¶¶ 13-17 (attached as Exhibit I to Jampol Decl.); Baldwin Decl. ¶ 6 | Undisputed | |
| 3. In his complaint, Plaintiff | Complaint ¶¶ | Undisputed | |

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| alleges that he handed his credit card to the salesperson who then swiped the card into the portable device, and that he was then asked "to provide his email address for the stated purpose of emailing his receipt." | 17-18 (attached as Exhibit I to Jampol Decl.) | | |
| 4.  In his Interrogatory Responses, Plaintiff stated that the salesperson first asked him "something to the effect of 'Can I have your email address, please?'" Plaintiff avers that he responded by telling the salesperson he was not interested in receiving emails; the salesperson then explained that "I need your email address in order to email your receipt." | Plaintiff's Response to Interrogatory No. 1 (attached as Exhibit K to Jampol Decl.) | Undisputed | |
| 5.  In his Interrogatory Responses, Plaintiff stated that he "expressed a desire to not provide my email address | Plaintiff's Response to Interrogatory No. 4 (attached | Undisputed | |

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| but was told that I needed to do so in order to receive my receipt." | as Exhibit K to Jampol Decl.) | | |
| 6. According to Plaintiff, after Nordstrom's salesperson explained the purpose of requesting the email address was for sending an e-receipt, Plaintiff provided his email address. | Plaintiff's Response to Interrogatory No. 1 (attached as Exhibit K to Jampol Decl.) | Undisputed | |
| 7. At his deposition, Plaintiff testified about the conversation he had with the salesperson during his transaction as follows:<br><br>When I purchased the two sweaters for my wife for Christmas, the lady had a little iPhone looking thing, and she – she asked for my credit card. She swiped my credit card. And she – she told me she would gift wrap it, and all that kind of stuff, which is really handy for me.<br><br>And then she asked for my – she said, "We're going to send you a receipt via the mail – via e-mail."<br><br>And my – my immediate thought was, well, how do I get out of the store | Capp Dep. at 20:16-21:10 (attached as Exhibit L to Jampol Decl.) | Undisputed that this testimony reflects part of the conversation with Defendant's employee. | |

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

- 3 -
PLAINTIFF ROBERT CAPP'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS        CASE NO.: 2:13-cv-00660-MCE-AC

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| without a receipt?<br>But I said, "Well, paper would be great."<br>And she goes, "Well, we would rather email it to you."<br>"Okay. Whatever."<br>So I gave it to her. And then I – she didn't have a stylus. I just wrote with my finger on this little iPhone thing. And then she handed me the boxes, and I left. | | | |
| 8. Plaintiff also testified that Nordstrom's salesperson told him "We would like to e-mail your receipt to you" or "We need your e-mail address for a receipt." | Capp Dep. at 36:9-14, 41:1-3 (attached as Exhibit L to Jampol Decl.) | Undisputed | |
| 9. When asked at his deposition to explain the reason why he was concerned – in the moment of the transaction – about the salesperson's request for his email address, Plaintiff did not identify any concern about providing personal information to Nordstrom or not wanting to receive marketing emails from | Capp Dep. 20:25-21:21 (attached as Exhibit L to Jampol Decl.) | Disputed | Plaintiff's Response to Interrogatory Nos. 1, 2, 4, 5, 7; Capp Dep. at 25:10-12, 39:11-13, 42:24-43:2, 51:9-19, 44:5-12, 55:22-56:5 |

- 4 -
PLAINTIFF ROBERT CAPP'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS   CASE NO.: 2:13-cv-00660-MCE-AC

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| Nordstrom. Instead, Plaintiff expressed worry about being able to leave the Nordstrom store without having a physical receipt to prove that he purchased the items. | | | |
| 10. Plaintiff received an e-receipt for the transaction which he produced in discovery. | Complaint ¶ 23 (attached as Exhibit I to Jampol Decl.); Capp Dep. at 22:21-24 (attached as Exhibit L to Jampol Decl.); Jampol Decl. ¶ 3, Ex. J | Undisputed | |
| 11. When asked at his deposition whether he thought he would not be allowed to complete the transaction if he did not give his email address, Plaintiff responded "I don't know if that ran through my mind at the moment…it was, like, | Capp Dep. at 44:13-45:3, 53:2-8 (attached as Exhibit L to Jampol Decl.) | Disputed | Plaintiff's Response to Interrogatory Nos. 1, 2, 4, 5, 7; Capp Dep. at 19:14-16, 20:4-6, 22:3-7, 36:13-17, 39:11-19, 41:6-7, 43:3-7, 51:20, 56:12-25, 71:6-72:9, 73:17-74:6 |

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| I've already done all my shopping in these last 15 minutes. I'm ready to go. And I just want to get going." He elaborated that his immediate thoughts upon being asked for his email address were "[o]ne, I have been in this store for too long already. Two, if I hang around any longer, Heidi is going to get something else she wants for Charlotte. And, three, I think I need a piece of paper to say that I purchased this. | | | |
| 12. Plaintiff's "immediate thought" after being asked for his email address was "well, how do I get out of the store without a receipt?" | Capp Dep. at 20:22-21:2 (attached as Exhibit L to Jampol Decl.) | Disputed | Plaintiff's Response to Interrogatory Nos. 1, 2, 4, 5, 7; Capp Dep. at 25:10-12, 39:11-13, 41:4-5, 42:24-43:2, 51:9-19, 55:2 |
| 13. Plaintiff was concerned that without a printed receipt he would be accused of stealing. | Capp Dep. at 21:18-21 (attached as Exhibit L to Jampol Decl.) | Undisputed | |

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| 14. Plaintiff testified that "all the time I'm thinking, I don't want to get busted." | Capp Dep. at 36:24-25 (attached as Exhibit L to Jampol Decl.) | Undisputed | |
| 15. Plaintiff testified that "later on I kept thinking, this is not right. I could get stopped by a security guard. And it just was a very uncomfortable feeling." | Capp Dep. at 43:8-10 (attached as Exhibit L to Jampol Decl.) | Undisputed | |
| 16. At Nordstrom, a customer is not required to elect an e-receipt or provide an email address as a condition of completing a credit card transaction (or a transaction using any other form of payment tender) – whether that transaction is processed an [sic] MPOS device or a more traditional point-of-sale device. | Baldwin Decl. ¶ 12 | Disputed | Plaintiff's Response to Interrogatory Nos. 1, 2, 4, 5, 7; Capp Dep. at 19:14-16, 20:4-6, 22:3-7, 36:13-17, 39:11-19, 41:6-7, 43:3-7, 51:20, 56:12-25, 71:6-72:9, 73:17-74:6 |

/ / /

/ / /

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

Case 2:13-cv-00660-MCE-AC   Document 36-17   Filed 10/30/14   Page 9 of 18

**BASIS #2 FOR SUMMARY JUDGMENT:**

E-Receipts are a Special Purpose Incidental but Related to the Credit Card Transaction.

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| 17. In 2011, Nordstrom launched its e-receipt program to provide customers with the opportunity to receive a printed receipt, an e-receipt, or both a printed receipt and an e-receipt. | Baldwin Decl. ¶ 4 | Disputed | Plaintiff Robert Capp Decl. at ¶5, ¶6; James M. Lindsay Decl. at ¶11, Exhibit 5 |
| 18. In 2011, Nordstrom began using MPOS devices in its stores, which are iPhones with customized software and a case that allows salespeople to swipe credit cards directly into the device. | Baldwin Decl. ¶ 5 | Undisputed | |
| 19. If a customer elects to receive an e-receipt, Nordstrom needs an email address to which the customer would like the e-receipt sent. In that situation, if (1) the customer pays by | Baldwin Decl. ¶ 13 | Undisputed | |

- 8 -
PLAINTIFF ROBERT CAPP'S RESPONSE TO DEFENDANT'S   CASE NO.:  2:13-cv-00660-MCE-AC
STATEMENT OF UNDISPUTED FACTS

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| credit card, debit card, or Nordstrom retail card and (2) the Nordstrom salesperson swipes the payment card through the MPOS device (as opposed to manually inputting the payment card number), Nordstrom's automated systems will seek to determine whether Nordstrom already has a email address – associated with the same payment card number and cardholder name – that was previously provided by the customer to issue an e-receipt for a prior transaction. | | | |
| 20. If the customer wishes to use a previously –submitted email address for delivery of an e-receipt for the current transaction, the Nordstrom salesperson would not need to request or record any email address from the customer. In | Baldwin Decl. ¶ 13 | Undisputed | |

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| other circumstances, if a customer elects to receive an e-receipt, the customer would need to provide an email address to which the e-receipt will be sent. | | | |

**BASIS FOR ALTERNATIVE REQUEST FOR PARTIAL SUMMARY JUDGMENT:**

Any Violation of the Credit Card Act Was Unintentional and Resulted from a Bona Fide Error Made Notwithstanding Nordstrom's Maintenance of Procedures Reasonably Adopted to Avoid that Error.

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| 21. When MPOS devices were introduced at Nordstrom, the ability to offer e-receipts was built into the flow and user interface of the MPOS devices; Nordstrom salespersons were also trained on how to use the MPOS devices, including the process for offering e-receipts for transactions conducted on the MPOS devices. | Baldwin Decl. ¶ 5 | Undisputed | |

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| 22. When a customer has selected merchandise for purchase, he or she may take those items to a sales counter with a traditional point-of-sale machine or may purchase the items from any salesperson with an MPOS device. | Baldwin Decl. ¶ 6 | Undisputed | |
| 23. After scanning items' bar code, a Nordstrom salesperson will tell the customer the total amount due for the purchase. | Baldwin Decl. ¶ 7 | Undisputed | |
| 24. If the customer presents a credit card to use as the payment method, a salesperson with an MPOS device will swipe the credit card directly into the device. | Baldwin Decl. ¶ 7 | Undisputed | |
| 25. Nordstrom trains its salespeople to present the MPOS device to the customer to provide a signature directly into the MPOS device after | Baldwin Decl. ¶ 7 | Undisputed | |

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| the salesperson has swiped the customer's credit card into the MPOS device during a purchase transaction. | | | |
| 26. After a customer has provided a signature directly into the MPOS device, either the customer or salesperson will press "Accept." | Baldwin Decl. ¶ 7 | Undisputed | |
| 27. After a customer has provided his or her credit card, signed with their finger, and the "Accept" button has been entered (by either the customer or salesperson) the user interface on the MPOS device will prompt the salesperson to give the customer the option to receive an e-receipt, a printed receipt, or both. | Baldwin Decl. ¶ 8 | Disputed | Plaintiff's Response to Interrogatory Nos. 4, 5; Capp Dep. at 21:3, 23:16-19, 39:11-19, 43:11-16, 53:7 |
| 28. The MPOS user interface does not allow a salesperson to select the method of receipt for credit card | Baldwin Decl. ¶ 9 | Undisputed | |

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| transactions until after that salesperson has swiped the credit card and the customer has signed the MPOS device with his or her finger. | | | |
| 29. Since it launched its e-receipt program, Nordstrom trains its salespeople to provide customers with the option to receive an e-receipt after the customer has tendered payment. However, the exact phrasing that salespeople use to offer customers the opportunity to receive an e-receipt and/or request an email address for that purpose will vary. | Baldwin Decl. ¶ 10 | Undisputed | |
| 30. In its training materials, Nordstrom has suggested various ways for its salespeople to ask customers whether they wish to receive an e-receipt and for their email address for that purpose, including: | Baldwin Decl. ¶ 10, Exs. B-H | Disputed | Lindsay Decl. at ¶12, Exhibit 6; Lindsay Decl. at ¶13, ¶14, Exhibit 7 |

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| - What email address would you like your receipt sent to?<br>- May I email you your receipt?<br>- May I email you your receipt today?<br>- Would you like your receipt emailed to you?<br>- What email may I send your receipt to?<br>- Which email address can I send your receipt to?<br>- What's your email address so I can send you a copy of the receipt? | | | |
| 31. While Nordstrom does not require its salespeople to use any exact wording to ask customers whether they wish to receive an e-receipt and for their email address for that purpose (and as noted above in Undisputed Fact No. 30, offers several suggestions of how to phrase the question), in every variation suggested in training, salespeople are trained to make clear that the purpose of requesting an email address from the customer is for the purpose of | Baldwin Decl. ¶ 11 | Disputed | Lindsay Decl. at ¶11, Exhibit 5, Lindsay Decl. at ¶12, Exhibit 6; Lindsay Decl. at ¶13, ¶14, Exhibit 7 |

PLAINTIFF ROBERT CAPP'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS          CASE NO.: 2:13-cv-00660-MCE-AC

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| issuing an e-receipt. | | | |
| 32. Nordstrom does not train or suggest that its salespeople make bare requests for customers' email addresses – or any other personal information – without providing some explanation of a reason that it unrelated to completing the transaction. | Baldwin Decl. ¶ 11 | Disputed | Lindsay Decl. at ¶12, Exhibit 6; Lindsay Decl. at ¶13, ¶14, Exhibit 7; Lindsay Decl. at ¶17, Exhibit 10; Lindsay Decl. at ¶18, Exhibit 11 |
| 33. If Nordstrom customers have any questions about e-receipts or providing their email address, salespeople are trained to answer the customer's questions about what an e-receipt is, and that the purpose of requesting an email address is for the reason of issuing an e-receipt. | Baldwin Decl. ¶ 11 | Disputed | Lindsay Decl. at ¶12, Exhibit 6; Lindsay Decl. at ¶13, ¶14, Exhibit 7; Lindsay Decl. at ¶17, Exhibit 10; Lindsay Decl. at ¶18, Exhibit 11 |
| 34. If a salesperson simply requested an email address from a customer without referencing an e-receipt or stating the purpose of the | Baldwin Decl. ¶ 11 | Disputed | Lindsay Decl. at ¶12, Exhibit 6; Lindsay Decl. at ¶13, ¶14, Exhibit 7; Lindsay Decl. at ¶17, Exhibit 10; Lindsay Decl. |

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

- 15 -

PLAINTIFF ROBERT CAPP'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS            CASE NO.: 2:13-cv-00660-MCE-AC

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| request, that would violate Nordstrom's policies and training. | | | at ¶18, Exhibit 11 |
| 35. If a customer elects to receive an e-receipt, Nordstrom needs an email address to which the customer would like the e-receipt sent. In that situation, if (1) the customer pays by credit card, debit card, or Nordstrom retail card and (2) the Nordstrom salesperson swipes the payment card through the MPOS device (as opposed to manually inputting the payment card number), Nordstrom's automated systems will seek to determine whether Nordstrom already has an email address – associated with the same payment card number and cardholder name – that was previously provided by the customer to | Baldwin Decl. ¶ 13 | Undisputed | |

| Undisputed Fact | Supporting Evidence | Response | Supporting Evidence |
|---|---|---|---|
| issue an e-receipt for a prior transaction.  If the customer wishes to use a previously-submitted email address for delivery of an e-receipt for the current transaction, the Nordstrom salesperson would *not* need to request or record any email address from the customer. | | | |

Dated:  October 30, 2014

LINDSAY LAW CORPORATION


By:   /s/James M. Lindsay
     James M. Lindsay
     jlindsay@lindsaylawcorporation.com
     Attorneys for Plaintiff and the Class